KINSMAN BLOCK SYSTEM CO. v. UNION SWITCH & SIGNAL CO. et al.

(Circuit Court, S. D. New York. February 2, 1909.)

CONTRACTS (§ 312*)—CONSTRUCTION—BREACH.

A contract requiring defendant Switch & Signal Company, in any printed matter relating to the use of certain "train stops" on a specified railway system, to mention the fact that such train stops were the invention of K., was not broken by a failure to give K. credit in printed matter subsequently issued by such company with reference to an "automatic train-stopping system" on such railroad, though an automatic train stop was one of the factors of the system.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 312.*]

In Equity. Upon demurrer filed by all defendants except the Union Switch & Signal Company.

Blandy, Mooney & Shipman, for complainant.
Clarence D. Kerr, for defendants.

PLATT, District Judge. The bill sets up a contract between the complainant and the nondemurring defendant, the Union Switch & Signal Company, about certain automatic *train stops*, and then goes on to say that said defendant did not do as it agreed. In the contract said defendant agreed that in any printed matter relating to the using of said *train stops* upon Interborough Rapid Transit Railway System it would mention the fact that said *train stops* were the invention of Mr. Kinsman, of complainant company. The bill also sets up that all the defendant corporations were affiliated, and worked together, and were generally known as the "Westinghouse Companies" and that defendant George Westinghouse dominated and controlled each and all of the companies, and they published a pamphlet in 1905 going into the matter of the *automatic train-stopping system* on said Interborough Rapid Transit Railway System, and omitted to mention the fact that the *"automatic train-stopping system"* installed therein by the Union Switch & Signal Company is the invention of said Kinsman, and even went further and represented that such *"train-stopping system"* is the *device* of some one else. The underscoring is my own.

It is apparent on the face of the bill that the demurring defendants were not parties to the contract. The complainant seeks to hold them, however, upon the theory that they were so closely tied up with the defendant Union Switch & Signal Company that they are all jointly responsible for the pamphlet published by the Westinghouse Companies, on the principle that one who knowingly helps another to break a contract is himself responsible for the breach. There is no allegation of community of interest in the contract between the defendants, and nothing to show that the demurrants knew anything about the contract; but we will not go into that. Nothing is alleged about the pamphlet which shows that the matter therein published was in violation of the contract. The contract has to do with automatic train stops, and the pamphlet refers to a train-stopping system, which is an

entirely different matter, and is not the same thing described in another way. An automatic train stop is one of the factors which, combined with others, goes to make up an automatic train-stopping system. The defendant did not agree to give Mr. Kinsman, or the complainant, credit for the *system* installed in the subway.

The bill is manifestly without equity as to the demurring defendants, and should be dismissed as to them, with costs to defendant to be taxed. So ordered.